UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY RAY ROBINSON,

    Petitioner,

v.

    CASE NO. 2:06-13386
    HONORABLE GERALD E. ROSEN

H. J. MARBERRY,

    Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Petitioner Anthony Ray Robinson is a federal inmate currently housed at the Federal Correctional Institution in Milan, Michigan. Currently pending before the Court is Petitioner's application for the writ of habeas corpus under 28 U.S.C. § 2241. Because the Court finds no merit in Petitioner's claim, the habeas petition will be denied.

### I. Background

On April 18, 1996, Petitioner was convicted of a state offense in Wisconsin. He was sentenced to probation for fifteen years. On July 25, 2001, while serving his state sentence, Petitioner was arrested on federal drug charges. He was subsequently convicted of attempt to distribute cocaine base in the United States District Court for the Eastern District of Wisconsin. On March 15, 2002, the federal court sentenced Petitioner to 168 months in prison, followed by five years on supervised release. The federal court stated that Petitioner would be given credit for time served, if any, as determined by the United States Bureau of Prisons.

On April 4, 2002, Petitioner's state probation term was revoked and he was sentenced to

three years in prison with 187 days of prior custody credit. The sentence was calculated to start on September 29, 2001, and it was ordered to run consecutively to Petitioner's federal sentence. On January 17, 2003, the State of Wisconsin released Petitioner on parole and transferred custody of him to federal officials for service of his federal sentence.

Petitioner challenged the computation of his federal sentence in administrative requests submitted to his warden and the Regional Administrator for the Bureau of Prisons. His requests for sentencing credit were denied. Petitioner then applied to the Office of General Counsel for the Bureau of Prisons, but that office rejected and returned Petitioner's appeal as untimely. Petitioner attempted to show that he filed an earlier appeal, which was lost, but the Office of General Counsel did not respond to his counselor's written explanation.

Petitioner filed his habeas corpus petition on July 26, 2006. His sole claim is that the Bureau of Prisons should reduce his federal sentence by 187 days.

On September 25, 2006, Respondent moved for an extension of time to file a response to the habeas petition, and on October 10, 2006, Respondent filed his answer. He argues that Petitioner has not exhausted administrative remedies for his claims and that Petitioner is not entitled to the requested relief. Petitioner replies that he did exhaust administrative remedies with the Bureau of Prisons and that he is entitled to 187 days of sentencing credit on his federal sentence.

## II. Discussion

### A. Exhaustion of Administrative Remedies

A preliminary question is whether Petitioner has exhausted administrative remedies for his claims. "It is well established that federal prisoners complaining of events or conditions

2

relating to their custody must exhaust their administrative remedies before habeas relief may be granted." *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). The exhaustion requirement generally is

> required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

The Bureau of Prisons maintains an administrative remedy program through which inmates may seek formal review of issues relating to any aspect of their confinement. *See* 28 C.F.R. § 542.10(a). The administrative procedures require prisoners to submit a request for administrative remedy to the warden of the prison, to the regional director for the Bureau of Prisons, and to General Counsel for the Bureau of Prisons. *See* 28 C.F.R. §§ 542.13-15. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Petitioner filed an administrative complaint with his warden and with the Regional Director of the Bureau of Prisons. His appeal to the Office of General Counsel was rejected as untimely. Even assuming that Petitioner has not properly exhausted administrative remedies at all three levels of administrative review, District Courts may excuse a faulty exhaustion and reach the merits of a prisoner's claims. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *abrogated in part on other grounds by Reno v. Koray*, 515 U.S. 50 (1995). "[A] prisoner's failure to exhaust available state or administrative remedies may be excused where pursuing such remedies would be futile" or where administrative remedies are "unable to afford the petitioner

3

the relief he seeks." *Fazzini v. Northeast Ohio Corr. Ctr.*, __ F.3d __, __, Nos. 05-3868 and 05-4618, 2006 WL 3802613, at *6 (6th Cir. Dec. 28, 2006).

It would be futile to pursue additional administrative remedies in this case. Petitioner's warden and the Regional Director for the Bureau of Prisons have rejected his claim on the merits, and the Office of General Counsel did not respond to a note explaining that Petitioner was not responsible for his untimely appeal. Accordingly, the Court will excuse the faulty exhaustion of administrative remedies and will proceed to address Petitioner's claim.

### B. On the Merits

The issue is whether Petitioner is entitled to 187 days of credit on his federal sentence. The time in dispute is from July 25, 2001, when Petitioner was arrested on federal charges in Wisconsin through April 4, 2002, when Petitioner was sentenced to three years in prison on his state sentence.

The record indicates that Petitioner received sentencing credit for the entire block of time in question. Federal officials gave him sentencing credit on his federal sentence for July 25, 2001, through September 28, 2001, and state officials gave Petitioner credit on his state sentence from September 29, 2001, through April 3, 2002. Petitioner was not entitled to credit on his federal sentence for the time credited on his state sentence. As explained in 18 U.S.C. § 3585(b),

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence

4

was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

Petitioner contends that he should receive federal sentencing credit from March 15, 2002, through April 4, 2002, because there was no state sentence until April 4, 2002. However, Petitioner received credit on his state sentence for that period of time. Petitioner's reliance on *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), is misplaced because the unique circumstances in that case (a concurrent state sentence, which was vacated and then reimposed) are not present here. *Dent v. Zenk*, 408 F. Supp.2d 103, 106 (E.D. N.Y. 2005).

### III. Conclusion

Petitioner is not entitled to the requested relief. Accordingly, the application for a writ of habeas corpus [Doc. 1, July 26, 2006] is DENIED. Respondent's motion for extension of time to file a response [Doc. 3, Sept. 25, 2006] is GRANTED.

Dated: JAN 1 9 2007

GERALD E. ROSEN
UNITED STATES DISTRICT JUDGE

5